COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
|     *Plaintiff*, | § | |
| | § | |
| v | § | |
| | § | CIV. ACTION NO. 7:16-CV-524 |
| NORA GALVAN, and | § | |
| PHARR-SAN JUAN-ALAMO | § | JURY TRIAL DEMANDED |
| INDEPENDENT SCHOOL DISTRICT | § | |
|     *Defendants*. | § | |

Assigned to the Honorable Ricardo H. Hinojosa

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
|     *Plaintiff*, | § | |
| | § | |
| v | § | |
| | § | CIVIL ACTION NO. 7:16-CV-523 |
| McALLEN INDEPENDENT SCHOOL | § | |
| DISTRICT, BRENDA HUSTON | § | JURY TRIAL DEMANDED |
|     and | § | |
| J. ANN VEGA | § | |
|     *Defendants*. | § | |

Assigned to the Honorable Randy Crane

_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
|     *Plaintiff*, | § | |
| | § | |
| v | § | CIVIL ACTION NO. 7:16-CV-526 |
| | § | |
| LA JOYA INDEPENDENT | § | JURY TRIAL DEMANDED |
| SCHOOL DISTRICT, | § | |
|     *Defendant*. | § | |

Assigned to the Honorable Ricardo H. Hinojosa

1

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
|     *Plaintiff*, | § | |
| | § | |
| v | § | CIVIL ACTION NO. 7:16-CV-527 |
| | § | |
| MISSION CONSOLIDATED | § | JURY TRIAL DEMANDED |
| INDEPENDENT SCHOOL DISTRICT, | § | |
|     *Defendant*. | § | |

Assigned to the Hon. Ricardo H. Hinojosa
_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC. | § | |
|     *Plaintiff*, | § | |
| | § | |
| v | § | |
| | § | CIVIL ACTION NO. 7:16-CV-544 |
| REGION ONE EDUCATION SERVICE | § | |
| CENTER, NORA GALVAN, BRENDA | § | |
| HUSTON, J. ANN VEGA and LAURA | § | |
| SHENEMAN | § | JURY TRIAL DEMANDED |
|     *Defendants*. | § | |
| | § | |

Assigned to the Honorable Ricardo H. Hinojosa
_____

2

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

## **PLAINTIFF SPRINGBOARDS TO EDUCATION, INC.'S MOTION TO CONSOLIDATE**

TO THE HONORABLE RICARDO H. HINOJOSA:

COMES NOW Plaintiff, Springboards to Education, Inc. ("Plaintiff" or "Springboards") and files this Motion to Consolidate pursuant to Fed. R. Civ. P. 42(a) and S.D. Tex. L.R. 7.6, showing the Court as follows:

### I.   **INTRODUCTION AND PROCEDURAL HISTORY**

All five of the above-titled actions (the "Springboards Cases"), as evident from the pleadings, are actions for trademark infringement and various related state law claims. All Springboards Cases arise from the same transactions or occurrences—Springboards' attempt to sell its reading program, "Millionaire Reader"—and the subsequent the theft, copying without permission or license, and unlawful distribution of its Reading Campaign, trademarks, brand, and intellectual property ("Springboard Brand and Trademarks").

Plaintiff Springboards offers for sale the Springboard Brand and Trademarks. (Civil Action No. 7:16-cv-523, Dkt. #1, p. 1.) On July 20, 2016, Plaintiff filed a suit against Nora Galvan ("Galvan") and Pharr-San Juan-Alamo I.S.D. ("PSJA") for trademark infringement and various common and state law causes of action. (Civil Action No. 7:16-cv-524, Dkt. # 1, the "First Springboards Complaint".) This case was styled (prior to its transfer): Springboards to Education Inc. v. Galvan et al, Civil File No. 3:16-cv-02115 (the "PSJA Case"). (*Id*.) Over a month after the filing of the First Springboards Complaint, on August 22, 2016 Defendant PSJA filed an Unopposed Motion to Transfer Case out of District/Division. (Civil Action No. 7:16-cv-524, Dkt. # 5.) This motion was then granted on August 25, 2016 and the case was transferred

3

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

on August 29, 2016 to this Court, the Honorable Judge Hinojosa presiding. (Civil Action No. 7:16-cv-524, Dkt. # 6-7.)

On the same day that the PSJA case was transferred to this Court, Springboards filed three other actions, all making the same or very similar allegations, in the Southern District of Texas: Springboards to Education, Inc. v. McAllen ISD et al, 7:16-cv-00523 (the "McAllen" case), Springboards to Education, Inc. v. La Joya I.S.D., 7:16-cv-00526 (the "La Joya" case), Springboards to Education, Inc. v. Mission ISD, 7:16-cv-00527 (the "Mission" case).  While the La Joya and Mission cases were assigned to this Court, the McAllen case was assigned to Judge Crane's court.

The final cause of action included in this Motion for Consolidation was filed on September 8, 2016 and is styled Springboards to Education, Inc. v. Region One Education Service Center et al., 7:16-cv-00544 (the "Region One" case).  The Region One case, along with the PSJA, La Joya and Mission cases, was assigned to this Court.

Scheduling Conferences have been set in all of the Cases. The first scheduling conference out of the Cases is for the McAllen case and is set for November 2nd, 2016 at 9:00 a.m. before Judge Crane.  The second round (including the PSJA and La Joya cases) is set for a week later on November 9th, 2016 at 2:30 pm in this Court, and the third round (including the Mission and Region One cases) is set for the following week on November 15th, 2016 also at 2:30 pm in this Court.

In light of the substantially similar facts and law governing the two actions, and in the interests of judicial economy and efficiency, Plaintiff now moves **this** Court – the "first-filed" Court, although the first filed case was in another district; to consolidate the five Springboards

4

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

Cases pursuant to Fed. R. Civ. P. 42(a) and S.D. Tex. L.R. 7.6.  Plaintiff further prays this honorable Court, under its discretionary power and for reasons further outlined below, consolidates all Springboards Cases under the lowest-filed case number, Civil Action No. 7:16-CV-523, in the Honorable Judge Crane's Court in order to further the interests of judicial economy and efficiency.

## II.     ARGUMENT

### a.  The Legal Standard for Consolidation

Federal Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Court has broad discretion to decide whether consolidation is desirable under Rule 42(a) and may even consolidate cases sua sponte.  *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973); *see also* Wright & A. Miller*, Federal Practice and Procedure*, § 2381 (3d ed.) (recognizing that the purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.") Even if there are some questions that are not common, this does not preclude consolidation. *Batazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50 (5th Cir. 1981). As specified by Rule 42(a), the overall purpose of consolidation is to expedite trial and eliminate unnecessary repetition and confusion. *Miller v. U.S. Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984).

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

The proper solution to the problems created by the existence of two or more cases involving the same parties and same issues simultaneously pending in the same court is to consolidate them under Rule 42(a). *Miller*, 729 F.3d at 1036. In this case, the identities of the parties and similarities of the legal and fact issues strongly favors consolidation.

S.D. Tex. L.R. 7.6 states:

> "[a] motion to consolidate cases will … be heard by the judge to whom the oldest case is assigned … [t]he term 'oldest case,' as used in this Rule, means the case filed first in any court, state or federal, including cases removed or transferred to this Court"

Springboards respectively asks this Court and the Honorable Chief Judge Hinojosa to consolidate the five Springboards Cases under the lowest-numbered case, the McAllen case, which also has the earliest set date for the Scheduling Conference. *See Mid-Continent Casualty,* 2006 WL 2583451, at *1; *see also California Security Co-Op, Inc. v. Multimedia Cablevision*, Inc., 897 F. Supp. 316, 321 (E.D. Tex. 1995) (noting that the first-filed court "can consolidate the cases in a manner it feels is appropriate").

### b. Common Questions of Law and Fact Justify Consolidation Here

All Cases involve the same plaintiff and the same or similar issues of law and fact. Much of the same evidence will be produced in each case, including:

- Ownership and registration of the federal trademarks at issue
- Evidence of infringement
- Showing willful infringement on the part of the defendants
- Evidence of actual confusion
- Related to the destruction of evidence
- Showing the named defendants' role and extent of authority in the infringement of the trademarks at issue

as well as other evidence that will be adduced through discovery as the Springboards Cases move forward. In addition to streamlining the locating, collecting and distributing of the

evidence already uncovered, consolidation of the cases will aid in lowering the costs and easing the numerous burdens of collecting and producing new discovery. Discovery will necessarily entail the same or similar issues, requests for documents, and deponents.

Where cases before the same Court "substantially overlap", courts routinely consolidate the actions as a matter of course. *O'Hare v. Vulcan Capital, LLC*, 2007 WL 996437, at *3 (W.D. Tex. Feb. 20, 2007) (consolidating two actions where "the core issues in the two cases … substantially overlap …[and] the two law suits ar[o]se out of the same subject matter, transactions, and issue"); *See Mid-Continent Casualty Co. v. Daviz-Ruiz Corp.*, Civ. Action Nos. C-06-315, C-06-350, 2006 WL 2583451, at *1 (S.D. Tex. Sept. 7, 2006) (finding that consolidation was proper "[b]ecause these two actions involve identical parties and common questions of law and fact"); *See also A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 2005 U.S. Dist. LEXIS 925 *, 2005 WL 147364 (S.D.N.Y. Jan. 21, 2005) (a trademark infringement case where the court held "consolidation of all three cases is appropriate …[a]ll three are based upon claims that Alfredo infringed upon Gianni's trademarks and all seek similar relief …[t]hus, to avoid duplicative litigation, wasting judicial resources, and potential inconsistent judgments, Case 3 should be consolidated with the previously consolidated Cases 1 and 2.")

Here, upon review of the complaints in the above titled Springboards Cases, the allegations are the same or similar, and the legal issues to be decided are, if not identical, then substantially similar. Legal issues to be decided throughout litigation for all cases include:

- The extent and amount of damages,
- What role the various I.S.D.'s and the named individuals in the suits played in the context of the alleged claims,
- Whether the infringement was willful, and
- In what capacities the individuals and I.S.D.'s named in the suits were acting

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

It is also anticipated that witnesses for trial will greatly overlap:

- The owner of Springboards and possibly some of its employees,
- The I.S.D.'s and their employees that have actually purchased products from Springboards,
- Damages experts,
- Texas Librarians Association members and officers.

Given the substantial similarities between the five Springboards Cases, consolidation would serve to maximize efficiency and convenience of all of the parties in this case. Consolidation will streamline discovery and resolve issues in each case that will expedite trial. This will save time and avoid unnecessary costs to this Court, Springboards, defendants and witnesses who would otherwise be required to testify in all cases on the exact same subject matter.  Conversely, litigating the same issues in five separate cases in two different courts is not an efficient use of the Courts', Springboards or defendants' resources.

> **c. In order to alleviate the judicial docket of Chief Judge Hinojosa and move the Cases along quicker, they should be consolidated in the McAllen case.**

Should this Honorable Court decide to grant Springboards' Motion for Consolidation and consolidate the five Cases, in the interests of judicial economy Springboards respectfully requests that the Cases be consolidated with the McAllen case in front of Judge Crane.  In order to respect Chief Judge Hinojosa's time and in order to relieve his docket, Springboards asks that the Cases would be heard in Judge Crane's Court.

Springboards notes that over a year ago there was a Division of Work Order for 2015, which placed numerous additional duties on the Chief Judge Hinojosa, which would further burden his docket.  *See* In the Matter of Division of Work Order for 2015, http://www.txs.uscourts.gov/file/3492/download?token=En72llsk last accessed October 8, 2016. Perhaps it is even in the interests of relieving court congestion that the five Springboards Cases

8

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

in the McAllen division of the Southern District of Texas be consolidated in Judge Crane's Court.

Also of notable significance is that the Scheduling Conference for the McAllen case is at least a week before two of the other Cases, and almost two weeks before the remaining two Cases. Consolidating the Cases into the case further along in the litigation timeline would move along the cases to a final resolution, and further the interests of expedient and efficient litigation.

### III. CONCLUSION

For at least the foregoing reasons, Springboards respectfully requests that its Motion to Consolidate be granted, and the above cases be consolidated with Case Number 7:16-CV-523 in Judge Crane's Court. A Proposed Order granting Plaintiff's Motion is attached hereto as Exhibit A.

Respectfully submitted,

DELEON LAW GROUP PC

RUBEN C. DELEON
ATTORNEY-IN-CHARGE
STATE BAR NO. 00790577
ADMITTED PRO HAC VICE
5851 DALLAS PARKWAY, SUITE 600
ADDISON, TEXAS 75001
TELEPHONE: 214-561-8687
FACSIMILE: 877-488-8983

*ATTORNEY FOR PLAINTIFF*

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

## CERTIFICATE OF CONFERENCE

    I hereby certify that I conferred with the only opposing counsel, Darren Gibson, representing Galvan et al., that has entered a representation in the above referenced cases pursuant to Local Rule 7.1 (D)(1)-(2) on October 12, 2016.  Mr. Gibson's is not certain whether he will oppose this motion, so this Motion is filed as opposed to reserve all rights for Mr. Gibson.

Ruben C. DeLeon

COURTESY COPY TO THIS COURT OF SIMULTANEOUSLY FILED MOTION TO CONSOLIDATE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being contemporarily filed with all the cases cited in this motion, and sent via the Court's Electronic Notification System and by email, on October 12, 2016, to:

>Darren G. Gibson
>State Bar No. 24068846
>O'Hanlon, McCollom & Demerath, P.C.
>808 West Avenue Austin, Texas 78701
>dgibson@808west.com

Ruben C. DeLeon
DeLeon Law Group, PC