UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MC ALLEN DIVISION


| | | |
|---|---|---|
| SPRINGBOARDS TO EDUCATION, INC, ) | CASE NO:  7:16-CV-00523 |
| Plaintiff,                    ) | |
| vs.                 ) | CIVIL |
| MC ALLEN ISD, ET AL,              ) | |
| Defendants.         ) | McAllen, Texas |
| SPRINGBOARDS TO EDUCATION, INC, ) | Tuesday, March 6, 2018 |
| Plaintiff,                    ) | (4:21 p.m. to 4:46 p.m.) |
| vs.                 ) | |
| NORA GALVAN, ET AL,               ) | CASE NO:  7:16-CV-00524 |
| Defendants.         ) | |
| SPRINGBOARDS TO EDUCATION, INC, ) | |
| Plaintiff,                    ) | |
| vs.                 ) | CASE NO:  7:16-CV-00526 |
| LA JOYA ISD,                      ) | |
| Defendant.          ) | |
| SPRINGBOARDS TO EDUCATION, INC, ) | |
| Plaintiff,                    ) | |
| vs.                 ) | CASE NO:  7:16-CV-00527 |
| MISSION ISD,                      ) | |
| Defendant.          ) | |
| SPRINGBOARDS TO EDUCATION, INC, ) | |
| Plaintiff,                    ) | |
| vs.                 ) | CASE NO:  7:16-CV-00617 |
| IDEA PUBLIC SCHOOLS, ET AL,       ) | |
| Defendants.         ) | |

HEARING

BEFORE THE HONORABLE RICARDO H. HINOJOSA,
CHIEF UNITED STATES DISTRICT JUDGE


Appearances:              See next page

Court Recorder:           Antonio Tijerina

Transcribed By:           Exceptional Reporting Services, Inc.
                          P.O. Box 18668
                          Corpus Christi, Texas 78480-8668
                          361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

<u>**APPEARANCES FOR:**</u>


Plaintiff:                    RUBEN C. DE LEON, ESQ.
                              DeLeon Law Group, PC
                              15851 Dallas Parkway
                              Suite 600
                              Addison, TX 75001

McAllen ISD,                  JOSEPH ROGER WILLIAMS, JR., ESQ.
Mission ISD:                  Richards Rodriguez & Skeith
                              816 Congress Avenue
                              Suite 1200
                              Austin, TX 78701

Pharr-San Juan                KRISTI L. GODDEN, ESQ.
Alamo I.S.D.:                 O'Hanlon McCollom & Demerath
                              808 West Avenue
                              Austin, TX 78701

La Joya ISD:                  MIGUEL A. SALDANA, ESQ.
                              Walsh Gallegos Trevio, et al.
                              105 E. Third Street
                              Weslaco, TX 78596

                              BARRY BARENBERG, ESQ. (via phone)
                              Walsh Gallegos, et al.
                              500 Marquette, NW, Suite 1360
                              Albuquerque, NM 87102

IDEA Public Schools:          ADAM D. COURTIN, ESQ.
                              Schulman Lopez Hoffer & Adelstein
                              517 Soledad
                              San Antonio, TX 78205

1              **McAllen, Texas; Tuesday, March 6, 2018; 4:21 p.m.**

2                 **(Telephonic and Courtroom Appearances**

3                              **(Call to Order)**

4              **THE COURT:**  Case Number M-16-cv-00524, *Springboards*

5     *to Education versus Pharr-San Juan-Alamo Independent School*

6     *District.*  Can we have announcements for the parties as to

7     who's here?

8              **MR. DE LEON:**  Ruben DeLeon, Springboards.

9              **MS. GODDEN:**  Kristi Godden for Pharr-San Juan-Alamo.

10             **THE COURT:**  Civil Action Number M-16-cv-00523,

11    *Springboards to Education versus McAllen Independent School*

12    *District.*

13             **MR. DE LEON:**  Ruben DeLeon, Springboards.

14             **MR. WILLIAMS:**  Roger Williams, McAllen.

15             **THE COURT:**  Civil Action Number M-16-cv-00526,

16    *Springboards to Education versus La Joya Independent School*

17    *District.*

18             **MR. DE LEON:**  Ruben DeLeon, Springboards.

19             **MR. SALDANA:**  Miguel Saldana, your Honor, along with

20    Mr. Barenberg for La Joya.

21             **THE COURT:**  Civil Action Number M-16-cv-00527,

22    *Springboards to Education versus Mission Consolidated*

23    *Independent School District.*

24             **MR. DE LEON:**  Ruben DeLeon, Springboards.

25             **MR. WILLIAMS:**  Roger Williams for Mission.

1          **THE COURT:**  Civil Action Number M-16-cv-00617,

2     *Springboards to Education versus IDEA Public Schools.*

3          **MR. DE LEON:**  Ruben DeLeon, Springboards.

4          **MR. COURTIN:**  Adam Courtin for IDEA Public Schools.

5          **THE COURT:**  Okay.  We, at the last hearing that we

6     had, the Court directed the Plaintiffs to limit their request

7     for discovery for the issue of commercial use.

8          La Joya on the other hand has argued that they're

9     entitled for summary judgment with regards to prior and

10    continuous use and that they would like to consider -- for the

11    Court to consider the motion for summary judgment because

12    nothing has happened on the part of the Plaintiffs even in

13    their request for interrogatories that would indicate that

14    there is any fact issue here.  So, I will let La Joya address

15    their motion for summary judgment again.

16         **MR. SALDANA:**  Mr. Barenberg will be doing that by

17    phone, sir.

18         **MR. BARENBERG:**  Good afternoon, your Honor.  This is

19    Barry Barenberg by telephone.  I think I --

20         **THE COURT:**  Did I make clear what my point is here?

21    Your objections to their request for discovery are basically

22    saying you don't need to show continuous user.  The point that

23    you're talking about is that frequency is not the issue here;

24    the issue is just prior use.

25         **MR. BARENBERG:**  Well, your Honor, I think what I'm

1  trying to argue, and I'm sorry if I didn't make that clear, is

2  that we have shown prior use, we've shown first use, and we

3  have shown continuous use.  Continuous use does not need to be

4  every month.

5        **THE COURT:**  Right.

6        **MR. BARENBERG:**  And we cited the authority that says

7  that --

8        **THE COURT:**  Right.  And your --

9        **MR. BARENBERG:**  -- that seasonality --

10       **THE COURT:**  -- your objection to their -- your

11 interrogatory request is that they're asking for every month of

12 every year as opposed to continuous use which you have already

13 shown them what it was.

14       **MR. BARENBERG:**  Yes, your Honor, and the evidence

15 that they would ask for would only strengthen La Joya's case.

16 We think we've met the burden --

17       **THE COURT:**  Right.  And your -- your point is that

18 you have enough evidence as it is without even -- that all

19 they're doing is, even if there was such evidence other than

20 you've already presented, is strengthening your case because it

21 doesn't have to be frequent as opposed to continuous.

22       **MR. BARENBERG:**  Yes, your Honor.  And their burden

23 under 56(b) is to show something that would disprove prior use.

24 And so even if we came up with evidence of use every month,

25 that proves our case.  It's not something that disproves our

1  case.

2       **THE COURT:**  Right.  Because you're saying your case

3  was strong enough without even showing use every month.

4       **MR. BARENBERG:**  Yes, your Honor.

5       **THE COURT:**  And that anything that would be produced

6  here would not be of benefit to the Defense -- to the Plaintiff

7  other than to the Defense.

8       **MR. BARENBERG:**  That is correct.  That's our

9  argument.

10      **THE COURT:**  And that you -- and that you would like a

11  ruling on your motion for summary judgment with the evidence as

12  presented, and that really there is nothing -- no reason for

13  you to have to answer the interrogatories that were sent to

14  you.

15      **MR. BARENBERG:**  Yes.

16      **THE COURT:**  Okay.  Did you have a response to that?

17      **MR. DE LEON:**  Yes, sir.  For one, we haven't gotten

18  to question their -- the people that swear that -- their own

19  testimony so, as you said the last time we were here, usually a

20  prior use defense, I mean, you just can't say, "Hey, I swear

21  this is true" without being challenged on who's testifying and,

22  I mean, by that automatically it makes it not proper for

23  summary judgment unless the discovery is over which has not --

24      **THE COURT:**  Okay.  So, who is it that you wanted to

25  conduct discovery with?

1    **MR. DE LEON:**  Well, at least depose those that wrote

2  the affidavits that's proving that -- their use at all.  And we

3  also want to see, I mean, how frequent -- we don't have to have

4  monthly, you're right, and they're right.  We don't have to

5  have monthly, but we do have to have continuous use.  And if

6  there's --

7    **THE COURT:**  So, now, why would he not have the right

8  to conduct depositions of those individuals that signed the

9  affidavits?

10    **MR. BARENBERG:**  And your Honor, we presented that

11  authority before, and I think you agreed with us that on

12  summary judgments, you don't get -- you don't question the

13  credibility of the witnesses.  You know, if you say, "Well, I

14  think the witness lied about this", that's not a proper area

15  for additional discovery from -- under Rule 56, so we cited the

16  authority for that before.

17    If we were presenting evidence, for example, if our

18  only evidence of prior use was testimony of the witnesses, that

19  we had a witness who said, "Yes, we used it every year", and we

20  didn't have documentary evidence, well, then it is a question

21  of the credibility of the witness.  But here we have the

22  documentary evidence of the use and the witnesses, the

23  affiants, are just authenticating that evidence.  They say, you

24  know, "We had a use in 2003, 2004; here's the trophy".

25    **THE COURT:**  Right.  It's not that they're saying

1   something without proof; they actually have produced the

2   trophy.

3        **MR. BARENBERG:**  Yes.

4        **THE COURT:**  Okay.  Well, the Court's ready to rule.

5   It is clear to me that there is no fact issue with regards to

6   the prior use by La Joya, and that it meets all the legal

7   standards as to it was continuous enough to satisfy the law as

8   to prior use and whatever is required with regards to prior

9   use, that there is no way that the La Joya School District

10  could have been violating any rights that the Plaintiffs might

11  have here.

12       So, with regards to La Joya, the Court is going to

13  grant the motion for summary judgment.

14       That leaves all the other school districts other than

15  La Joya and -- however, you had counterclaims.  Were you still

16  going to proceed with those?  On La Joya.

17       **MR. BARENBERG:**  Your Honor -- your Honor, we need to

18  confer with the client on that.  I think the client is ready to

19  be done with this, but we are concerned about appeals;

20  Springboard appealed in the Houston case.  And I just need to

21  discuss it with the client, see what they want to do.  We also

22  think there might be grounds for attorney fees, but again, I

23  need to discuss that with the client.  And we'd ask for -- if

24  you want to set a deadline for us to submit -- to submit

25  something.

1          **THE COURT:**  Well, you have filed a motion to

2     supplement your counterclaim, right?

3          **MR. BARENBERG:**  There was a -- yes.

4          **THE COURT:**  That was way back on April 6 of last

5     year.

6          **MR. BARENBERG:**  Yes.

7          **THE COURT:**  So, and -- and you actually amended your

8     counterclaim.

9          **MR. BARENBERG:**  Yes, and I apologize, your Honor.  I

10    remember filing that; I don't remember the grounds of that

11    supplemental motion.  I was thinking on counterclaim -- and we

12    cited this authority in the supplement --

13         **THE COURT:**  Well, what I'm going to do is, I'm going

14    to leave your counterclaim and really moot out the motion for

15    relief to file supplemental counterclaim until you find out if

16    you really want to proceed with it and if you really need to

17    amend it.  Or supplement it.  Does that make sense?

18         **MR. BARENBERG:**  And your Honor, I apologize.  You cut

19    out a little bit.  I think what you told me is that you'll wait

20    until we check with the client.

21         **THE COURT:**  Well, you --

22         **MR. BARENBERG:**  See what the client --

23         **THE COURT:**  -- you have a pending counterclaim.

24    There is an old motion for leave to file supplemental

25    counterclaim.  I'm just going to moot that one out, and at some

10

1  point, if you want to continue with a counterclaim, after you

2  inform me if you're going to continue with it, you can ask to

3  supplement or amend your counterclaim.

4          **MR. BARENBERG:**  I understand.

5          **THE COURT:**  I just can't have all these motions

6  pending with nothing to indicate, well, what are you doing

7  here.

8          **MR. SALDANA:**  That's fine, your Honor.

9          **THE COURT:**  Yes.  Does that make sense?  Can you hear

10 me?

11         **MR. BARENBERG:**  Yes, your Honor, I can hear you.

12         **THE COURT:**  Well, that's what the Court is doing on

13 that one.

14         **MR. BARENBERG:**  Thank you.

15         **THE COURT:**  And your deadline for letting the Court

16 know as to whether you want to proceed with a counterclaim

17 would be to inform the Court by March the 28th.

18         **MR. BARENBERG:**  And would that also apply to a motion

19 for attorney fees?

20         **THE COURT:**  Yes.

21         **MR. BARENBERG:**  Thank you.

22         **THE COURT:**  That leaves the other school districts,

23 and the other -- some of the other -- the other school

24 districts have filed -- you did give them some discovery

25 requests?

1          **MR. DE LEON:**  Yes, sir.

2          **THE COURT:**  They have filed -- some of them filed

3   motions for protection, and you have not responded to those,

4   and those are still pending.  It's their motion for protection,

5   and I'll let one of them address their motions for protection.

6          Some of them have filed -- one of them has filed

7   objections and the others have filed, other than La Joya, have

8   filed objections I believe.  And some of the school districts

9   actually filed objections.  Others filed motions for

10  protection.

11         And the motions for protection were filed in McAllen

12  School District, Mission School District, and IDEA Schools.

13  McAllen, Mission, and IDEA Schools filed motions for

14  protection.  And I believe that Pharr -- PSJA has filed

15  objections.

16         **MR. WILLIAMS:**  Roger Williams for McAllen and

17  Mission, your Honor.  And I think everyone filed objections.

18  We filed, McAllen and Mission filed objections and motions for

19  protection.  And --

20         **THE COURT:**  Right.  I mean, but the motion for

21  protection was more encompassing than just the objections.

22         **MR. WILLIAMS:**  Correct, correct.

23         **THE COURT:**  Right.

24         **MR. WILLIAMS:**  And so how -- there are some issues

25  that we can take at a relatively high level and then there's

1   some issues that are specific to each interrogatory.  Do you

2   have a preference about how to proceed?

3         **THE COURT:**  Yeah, I have a preference as to how to

4   proceed here.  Where the motions for protections have been

5   filed, I think you should file motions to compel if he's

6   opposed to those because he hasn't responded to the motion for

7   protection and he either has to file -- he obviously has to

8   respond to those and file a motion to compel if that's what he

9   thinks needs to be done.

10        For the ones with objections, well, they should file

11  -- probably file a motion for protection so that he can file a

12  motion to -- or he can -- the ones with the objections needs to

13  file a motion to compel if that's what he's going to do.

14        I mean there's a motion for protection, normally

15  there's an answer for the motion for protection.  He hasn't

16  filed it yet.

17        **MR. WILLIAMS:**  Right.

18        **THE COURT:**  And so what I'm saying is that he needs

19  to file a motion to compel if -- in the form of a response to

20  the motion for protection.

21        And on the ones with objections, well, he should file

22  a motion to compel because those are very limited -- they're

23  limited to the ones that they're actually directed against.

24        What that does -- the other thing is, I am ready to

25  rule on the Plaintiff's motions for summary judgment.  And do

13

1    you want to address yourself to those, to wit all your motions

2    for summary judgment that you have?

3              **MR. DE LEON:**  Well, your Honor, we thought this

4    hearing was going to be only for the "in use" question on

5    whether we get discovery.  We, I mean, most -- even Houston

6    said that they used it, and I don't know if we actually

7    discussed this; we haven't discussed this, you know, between

8    the parties, but, you know, it -- we could wait on the summary

9    judgment motions until after discovery or we could postpone

10   them or you can dismiss them.  I mean, we -- basically, I don't

11   think they're willing to cave in on infringement.  And --

12             **THE COURT:**  Well, your motions for summary judgment

13   on each one of these actions is, you've tried to say that as a

14   matter of law you're entitled to judgment upon your claims of

15   trademark counterfeiting, --

16             **MR. DE LEON:**  Yes, sir.

17             **THE COURT:**  -- trademark infringement, --

18             **MR. DE LEON:**  Yes.

19             **THE COURT:**  -- false designations of origin, false

20   description, and trademark dilution.  At best, what I can say

21   is that these motions were really premature and you certainly

22   have failed to present enough evidence for me to say that the

23   motions for summary judgment should be granted.

24             **MR. DE LEON:**  Okay.

25             **THE COURT:**  And so at best, that's the best that I

1    can do for you.  So, I will definitely deny your motions for

2    summary judgment on all those issues as well as what's in your

3    motions.  At some point you can ask me to reconsider that, but

4    your motions for summary judgment with regards to these school

5    districts is denied because, as I said, at best, based on the

6    evidence that we have here, they're certainly premature and you

7    didn't present enough evidence at all for these alleged

8    violations.

9            I think what that leaves us with is then the

10   discovery issues need to be decided because, as I've indicated

11   all along, the commercial use is the one certainly based on

12   everything that we've seen and certainly the Houston Court

13   decisions, the commercial use is about the only issue that's

14   left here to some extent, and I have limited discovery to that

15   particular aspect.  They have responded saying, "You were going

16   way beyond that in what you've asked us for discovery and we're

17   asking for protection and/or objection."  You need to file your

18   motion to compel indicating why they are wrong if they are

19   wrong.

20           And then I think with regards to their remaining

21   motions for summary judgment, they should be denied without

22   prejudice to filing after we finish with any discovery that

23   there might be on commercial use, especially in light of what

24   the Houston Court has done after discovery with regards to

25   granting motions for summary judgment in the Defendants' cases

15

1    in those cases.

2          **MR. DE LEON:**  Yes, your Honor.

3          **THE COURT:**  And so that's where we are.  Is that

4    clear to everybody?

5          **MR. DE LEON:**  Only one question, your Honor, on the

6    La Joya's dismissal for the prior use defense.  Of course, we

7    feel that, your Honor, is -- is we disagree with the order, but

8    --

9          **THE COURT:**  I didn't think that you would agree.

10         **MR. DE LEON:**  Well, I know, but I just wanted -- my

11   questions was if you're going to make the order final so thus

12   we can appeal or, I mean, we're going to appeal either way.

13         **THE COURT:**  Well, you may not be appeal -- you may

14   not be ready to appeal because we may still have counterclaims.

15         **MR. DE LEON:**  Well, that's true, too.  But --

16         **THE COURT:**  And so until the whole case is done,

17   we're not done.  They may not proceed with their counterclaims,

18   but if they have counterclaims pending, the case is still here.

19         **MR. DE LEON:**  Okay.  Yes, your Honor.

20         **THE COURT:**  And, but that you don't have a case

21   against them; that I know.  The question is, do they want to

22   proceed with trying to have a case against you.

23         **MR. DE LEON:**  Okay.  Yes, your Honor.

24         **THE COURT:**  And with regards to all the others, what

25   I'm saying is that commercial use has -- I said you could limit

1   yourself to commercial use --

2          **MR. DE LEON:**  Yes.

3          **THE COURT:**  -- because of what the Court has felt all

4   along, and the Houston decision, and everything else.

5          **MR. DE LEON:**  Yes, sir.

6          **THE COURT:**  They have said we don't have to answer to

7   these because we're either objecting or we're asking for

8   protection.  That gives you a right to respond to the

9   objections by filing a motion to compel and responding to the

10   motions for protection with a response to that or a motion to

11   compel.

12          Having said all that, even after all that is done,

13   and if there is any discovery, they will still have the right

14   to file the motion for summary judgment just like --

15          **MR. DE LEON:**  Yes, your Honor.

16          **THE COURT:**  -- the school district in Houston did.

17          **MR. DE LEON:**  It's clear.  You're --

18          **THE COURT:**  And they will have a strong basis because

19   of what has already been ruled in this district.

20          **MR. DE LEON:**  Yes, your Honor.

21          **THE COURT:**  And I don't disagree with the legal

22   decision-making that was done in that case.  I don't know that

23   we have any facts here that would be different, but that's what

24   I'm doing here.

25          **MR. DE LEON:**  Yes, your Honor.

1          **THE COURT:**  And as far as I'm concerned nothing else

2    is pending other than what I have just said.

3          **MR. DE LEON:**  Thank you, your Honor.

4          **THE COURT:**  Is that clear to everybody?  You all are

5    looking very surprised at me.

6          **MR. WILLIAMS:**  Can I just make sure I understand.

7    So, right now we have pending motions for summary judgment and

8    today you are denying those without prejudice.

9          **THE COURT:**  Without prejudice to refiling after if

10   there is any discovery that's going to be filed involving the

11   commercial use --

12         **MR. WILLIAMS:**  Got it.

13         **THE COURT:**  -- that I'm going to allow that would

14   raise an issue that they're saying that they're entitled to

15   continue, you would have the right to have the motion for

16   summary judgment, especially in light of the fact that we have

17   some decision that's already been done in this district after

18   discovery.

19         **MR. WILLIAMS:**  And, but the first thing that's going

20   to happen is the Plaintiff, if he thinks he's entitled to

21   discovery, he's going to file a motion to compel and we're

22   going to address those issues.

23         **THE COURT:**  Yes.

24         **MR. WILLIAMS:**  Yes, your Honor.

25         **THE COURT:**  And so there won't be anything -- he may

1    -- we're going to have to have a motion to compel to see if he

2    has any right whatsoever to undo your motion for protective

3    order or the objections in the -- in the one case where there

4    were objections and not a motion for protective order.

5            MR. WILLIAMS:  Then I have one procedural issue

6    specific to Mission, your Honor, may I address?

7            THE COURT:  Sure.

8            MR. WILLIAMS:  Yesterday we filed a motion to

9    supplement the record on the motion for protective order on

10   behalf of Mission within declaration, and so that he knows what

11   he has to move to compel against, will the Court --

12           THE COURT:  Well, I'm sure you sent him a copy,

13   right?

14           MR. WILLIAMS:  Yes.

15           THE COURT:  Okay.  And so, what's your question?

16           MR. WILLIAMS:  Well, we originally -- Mission

17   originally filed a motion for protection on February 22nd and

18   we filed a motion to add a declaration yesterday.  Will the

19   Court grant leave --

20           THE COURT:  Well, I'm going to grant your motion to

21   add your declaration so he knows that's part of your motion for

22   protection order.

23           MR. WILLIAMS:  Yes.  That's what I'm asking.

24           THE COURT:  Is that what you're asking?

25           MR. WILLIAMS:  Yes.

1        **THE COURT:**  Yes.

2        **MR. WILLIAMS:**  Thank you.

3        **THE COURT:**  And I'll grant it without even looking at

4   it other than that's still part of your motion for protection

5   order -- protective order and he's already seen it in all

6   likelihood.

7        **MR. WILLIAMS:**  Thank you, your Honor.

8        **MR. COURTIN:**  Quick question, your Honor.  The

9   Plaintiff had ten days to serve his discovery, we had ten days

10  to serve our objections, or to file our objections.  Just for

11  clarity on calendaring, when might we expect Plaintiff to have

12  a deadline to file the motion to compel and to respond to our

13  motion for protective order?

14       **THE COURT:**  How much time do you need?

15       **MR. DE LEON:**  At least seven days, sir.

16       **THE COURT:**  So, you're asking until the 13th?

17       **MR. DE LEON:**  At least, your Honor.

18       **THE COURT:**  Well, I'll give you until the 15th.

19       **MR. DE LEON:**  Okay.  Great.  Thank you, your Honor.

20       **THE COURT:**  Okay.  There's a lot of --

21       **MS. GODDEN:**  Your Honor.

22       **THE COURT:**  Go ahead.

23       **MS. GODDEN:**  Kristi Godden for PSJA, if I may really

24  quickly.  PSJA filed its -- the school district filed the

25  objections instead of filing a protective order.  We were under

1    the impression that -- from the last hearing that that was what

2    you had wanted.  Would you permit us to file a very quick

3    motion for protective order as well?  Just so that we're all

4    kind of on the same page.

5                THE COURT:  Yeah, that's fine.

6                MS. GODDEN:  Okay.  Thank you, your Honor.

7                THE COURT:  What he was going to have to file was a

8    motion to compel, but if you want to file your motion for

9    protective order, that's fine.

10               MS. GODDEN:  Yes, sir.

11               THE COURT:  He was going to have to do the same thing

12   with your objections as he's going to have to do with the

13   motions for protective order.

14               There's a lot of amended answers that I'm granting,

15   and I don't want the original answers that are pending on some

16   of these to be unclear that those haven't been granted.  Some

17   of these go way back to 2017 with regards to some answers that

18   some of the parties had wanted to do, but what I'm saying is,

19   anything else is denied without prejudice to reurge in whatever

20   might be left here.  I don't know that there's anything else

21   that's left here other than the motions for summary judgment of

22   the Defendants here.

23               MR. COURTIN:  Your Honor, may I?

24               THE COURT:  Yes.

25               MR. COURTIN:  IDEA Public Schools within the past

1   maybe two weeks, I believe, filed a motion for leave to

2   supplement our answer to include the counterclaim of collateral

3   estoppel to address the Houston ISD decision.  So, I'd ask that

4   if we could that you consider granting that rather than denying

5   it just now.

6           THE COURT:  Well, I'll grant you the -- that, but in

7   the way of an amended answer so we don't have a confusion that

8   we have a supplement and an answer.

9           MR. COURTIN:  Certainly.  Okay.

10          THE COURT:  And you can file it as an amended answer

11  to include that claim.

12          MR. COURTIN:  Yes, your Honor.  Thank you.

13          THE COURT:  Okay.  And that's true of anybody else

14  who has supplemented or asked for a supplement.  If you file a

15  motion for an amended answer, I'll grant it.

16          Anything else?

17          MR. WILLIAMS:  I believe -- for Mission, your Honor,

18  I believe Mission filed a request to supplement -- I mean, a

19  request to amend their answer.  And I believe that had not been

20  ruled on, but I can go back and check.

21          THE COURT:  Right, but that goes to March 16th of

22  2017.

23          MR. WILLIAMS:  Yes.  And are you suggesting you're

24  denying it right --

25          THE COURT:  What I'm suggesting is, with regards to

1    any motions to amend your answer, I will be very liberal in

2    granting motions to amend answers after the discovery as to

3    whether we are -- really have anything that would show a

4    problem with commercial use.

5         **MR. WILLIAMS:**  I understand.  Thank you.  I

6    understand.

7         **THE COURT:**  Because we have limited this so much that

8    we're just --

9         **MR. WILLIAMS:**  Fair enough.  Yes.

10        **THE COURT:**  -- down to commercial use as far as I'm

11   concerned and I thought I gave that instruction in the past.

12   And so I'm not -- any other requests to amend an answer is

13   denied without prejudice to refiling after we have the issue of

14   the discovery issue that as far as I'm concerned is the only

15   one left, the discovery here, and that way you don't have to be

16   amending your answer again and again.

17        **MR. WILLIAMS:**  Understood.  Thank you.

18        **THE COURT:**  And also that includes with regards to

19   counterclaims obviously except for the one that was already

20   pending here.

21        Anything else?

22        **MR. DE LEON:**  Thank you, your Honor.

23        **THE COURT:**  If you all don't have anything else, you

24   all can be excused.

25        **MR. WILLIAMS:**  Thank you, your Honor.

23

1          **MR. SALDANA:**   Thank you, your Honor.

2          **MR. COURTIN:**   Thank you, your Honor.

3          **MS. GODDEN:**   Thank you, your Honor.

4          **MR. BARENBERG:**   Thank you, your Honor.

5          **THE COURT:**   And I suspect the motions for summary

6    judgment that will be done after the discovery will be related

7    to the issues that were addressed, the factual and the legal

8    issues that were addressed in the Houston decision.   Okay?

9          **MR. WILLIAMS:**   Thank you, your Honor.

10          **MR. SALDANA:**   Thank you, your Honor.

11          **MR. COURTIN:**   Thank you, your Honor.

12          **MS. GODDEN:**   Thank you, your Honor.

13          **MR. DE LEON:**   Thank you, your Honor.

14          **THE COURT:**   So, I'm just trying to clean this up as

15    much as I can because there's a lot has been going on over an

16    extended period of time.

17          **MR. COURTIN:**   That's appreciated.   That's good, your

18    Honor.   Thank you.

19          **THE COURT:**   Well, I appreciate you all's cooperation.

20    Thank you.

21          **MR. BARENBERG:**   Thank you, your Honor.

22          **THE COURT:**   Yes.

23      **(This proceeding was adjourned at 4:46 p.m.)**

24

25

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____          ___March 15, 2018_


TONI HUDSON, TRANSCRIBER